UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE SECRETARY OF VETERANS AFFAIRS,<br><br>        Plaintiff,<br><br> v.<br><br>ERICA SMITH,<br><br>        Defendant. | Case No.: 17-CV-2405-JLS (BGS)<br><br>**ORDER (1) REMANDING ACTION TO STATE COURT; AND (2) DENYING AS MOOT MOTION TO PROCEED IN FORMA PAUPERIS** |

On June 22, 2017, Plaintiff The Secretary of Veterans Affairs filed an unlawful detainer action in San Diego Superior Court. (*See* ECF No. 1-3). The only Defendant listed in the Complaint is Erica Smith (along with Does 1–5). On November 30, 2017, movant Jose Fernando Fonseca removed the case to federal court. (*See* "Notice of Removal," ECF No. 1.) Mr. Fonseca is not named in the Complaint, but refers to himself as "Defendant In Pro Per" in the Notice of Removal and states he is the "former owner of the premises." (*Id.* at 1.) On the same day, Mr. Fonseca filed a Motion for Leave to Proceed *In Forma Pauperis* ("IFP"). (ECF No. 2.)

**I. Procedural History**

Before the Court addresses the merits of the removal action, the Court finds it necessary to discuss the procedural posture of this matter. Previously, Plaintiff filed an

1

action against Defendant Smith, which another movant, Amanda Maria Fonseca, removed to this district. (*See* 17-cv-1815-DMS (WVG) (hereinafter, "Sabraw Case").) Judge Sabraw remanded the action for lack of subject matter jurisdiction. (*See id.*, ECF No. 3.) Defendant Smith then removed the action to district court again. (*See* 17-cv-2239-MMA (BGS).) Judge Anello (likely unaware that this case had previously been remanded by Judge Sabraw), also remanded the action. (*See id.*, ECF No. 3.) And yet again, this matter has been removed to this district, this time by Mr. Fonseca, and it has come before this Court.

**II.  Analysis**

Ms. Fonseca (the movant in in Judge Sabraw's case), and Mr. Fonseca (the movant in this case) allege removal is proper for the same reason, claiming Plaintiff has filed a federal question action due to the "Protecting Tenants at Foreclosure Act 2009," 12 U.S.C. § 5220. (Sabraw Case, ECF No. 1, at 2; Notice of Removal 2.) This Court agrees with Judge Sabraw—this case does not arise under federal law.

Under 28 U.S.C. § 1331, district courts have original jurisdiction over civil actions "arising under" federal law. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plaintiff's Complaint asserts a single claim for unlawful detainer, a purely state law cause of action. Nevertheless, Mr. Fonseca contends the Court has federal question jurisdiction over the matter because the unlawful detainer action is essentially a federal question action arising under the Protecting Tenants at Foreclosure Act of 2009 ("PTFA").

As Judge Sabraw held:[1]

> Defendant appears to assert the PTFA is at issue by virtue of her defense to
> the action, which cannot serve as a basis for federal question jurisdiction. *See*

---

[1] In his Order, Judge Sabraw referred to Ms. Fonseca as "Defendant" even though, like Mr. Fonseca, Ms. Fonseca was not named in the Complaint and is a pro se third-party movant.

2

> *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002) ("the existence of a defense based upon federal law is insufficient to support jurisdiction."). "[F]ederal district courts have held that a defense based on the [PTFA] cannot serve as a basis for removal jurisdiction." *Aurora Loan Servs., LLC v. Montoya*, No. 2:11-CV-2485-MCE-KJN, 2011 WL 5508926, at *4 (E.D. Cal. Nov. 9, 2011) (citations omitted); *see Wescom Credit Union v. Dudley*, No. 10–cv–8203–GAF–SSX, 2010 WL 4916578, at *2 (C.D. Cal. Nov.22, 2010) (". . . provisions [of the PFTA] offer [defendant] a federal defense to an unlawful detainer action where the plaintiff fails to comply with these requirements. A federal defense, however, does not support federal-question jurisdiction."). Therefore, there is no basis for removal under federal question jurisdiction.

(Sabraw Case, ECF No. 3, at 2–3). This Court agrees. This Court also agrees with Judge Sabraw there is no basis for diversity jurisdiction. (*Id.* at 3.) For a federal court to exercise diversity jurisdiction, there must be "complete diversity" between the parties and the amount in controversy requirement of $75,000 must be met. *See* 28 U.S.C. § 1332(a). In its Complaint, Plaintiff alleges the amount demanded does not exceed $10,000. (ECF No. 1-3, at 4.) The party asserting diversity jurisdiction bears the burden of proof, *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986); *see Resnik v. La Paz Guest Ranch*, 289 F.2d 814, 819 (9th Cir. 1961), and Mr. Fonseca has not met this burden.

It should not surprise the Parties that this case is again **REMANDED** to Superior Court of California, County of San Diego, and Mr. Fonseca's motion to proceed IFP, (ECF No. 2), is **DENIED** as **MOOT**.

### III. Sanctions

Plaintiff filed a "Notice of Related Cases" in this matter which informs the Court of the two previous removal attempts in this case. (ECF No. 3.) Plaintiff asserts "Defendants' abuse of the removal process has resulted in months of delay in this action and substantial costs incurred by Plaintiff." (*Id.* at 2.) Plaintiff requests the Court "bar any further removals by Defendants under threat of sanctions to avoid continued abuse of the removal process." (*Id.*at 2–3.)

Indeed, the Court finds it would be within its power to sanction Defendant Smith for the three removal attempts. "[A]bsent new and different grounds for removal based on newly discovered facts or law, a defendant who improperly removes a case after a federal court previously remanded it risks being sanctioned under Federal Rule of Civil Procedure 11." *Fed. Home Loan Mortg. Corp. v. Pulido*, No. C 12-04525 LB, 2012 WL 5199441, at *2 (N.D. Cal. Oct. 20, 2012); *see Wells Fargo Bank NA v. Zimmerman*, No. 2:15-cv-08268-CAS-MRWx, 2015 WL 6948576, at *3 (C.D. Cal. Nov. 10, 2015) ("Multiple removals could encounter problems—could even lead to sanctions—if nothing of significance changes between the first and second tries." (citing *Benson v. SI Handling Sys., Inc.*, 188 F.3d 780, 783 (7th Cir. 1999)).) Requiring the courts in this district to evaluate three consecutive frivolous removals is an immense waste of valuable time and resources.

Nonetheless, the Court does not sanction Defendant Smith or the Fonsecas as this time. The Court does however, **ADMONISH** Defendant Smith that the Court may issue sanctions for any further frivolous removal attempts by Defendant Smith or any movants filing on her behalf or on their own behalf.[2] *See Wells Fargo Bank*, 2015 WL 6948576, at *3 (issuing a $500 sanction against the defendant for repeated frivolous removals in an unlawful detainer case after first admonishing the defendant, after which, defendant frivolously removed the action again).

### IV. Conclusion

The Court **REMANDS** this case to Superior Court of California, County of San Diego and **DENIES** as **MOOT** Mr. Fonseca's motion to proceed IFP.

**IT IS SO ORDERED.**

Dated: December 5, 2017

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

---

[2] Further, pursuant to Civil Local Rule 5.1(h): "Except as provided in the federal rules, or by leave of court, no document will be filed in any case by any person not a party thereto."